UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASMAINE N. HAGOOD,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-273

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff[2] not "disabled" and therefore unentitled to disabled adult child benefits ("DAC").[3] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 15), the administrative record,[4] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff, born on February 16, 1991, was 19 years old at the time of the current application.

[3] "A claimant is eligible for [DAC] so long as the claimed disability began before age twenty-two." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 362 n.1 (6th Cir. 2014) (citing 20 C.F.R. § 404.350(a)(5)). In assessing whether a claimant is entitled to DAC, "the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520(a)(4) is used." *Watson v. Comm'r of Soc. Sec.*, No. 3:15-cv-225, 2016 U.S. Dist. LEXIS 130530, at *1 (S.D. Ohio Sept. 23, 2016); *see also Monck v. Comm'r of Soc. Sec.*, No. 1:15-cv-1167, 2017 U.S. Dist. LEXIS 43836, at *4-5 (W.D. Mich. Mar. 27, 2017).

[4] Hereafter, citations to the manually-filed administrative record will refer only to the Transcript (Tr.) page number.

1

# I.

### A. Procedural History

Plaintiff filed for DAC alleging a disability onset date of January 3, 2014.[5] Tr. 303-16. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, bipolar disorder and anxiety disorder. Tr. 36.

After an initial denial of her application, Plaintiff received a hearing before ALJ Benjamin Chaykin on May 12, 2016. Tr. 871-94. The ALJ issued a decision on July 22, 2016 finding Plaintiff not disabled. Tr. 33-42. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[6] "there are jobs in that exist in significant numbers in the national economy that [she] can perform[.]" Tr. 38-42.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. Tr. 9-11. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (Tr. 33-42), Plaintiff's Statement of Errors (doc. 9) and the Commissioner's memorandum in opposition (doc.

---

[5] This is Plaintiff's third disability application. Tr. 275-88, 289-302. Plaintiff previously applied for DAC on November 21, 2011 and February 1, 2013. *Id.* In a notice dated July 17, 2013, her application and request for reconsideration were both denied. Tr. 91-124. She did not challenge that determination. Accordingly, under principles of administrative *res judicata*, the earliest Plaintiff can be found disabled is July 18, 2013. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840-43 (6th Cir. 1997).

[6] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id.* It may also involve frequent stooping, grasping, holding, and turning objects. *Id.* "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." *Id.*

15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. Disability Standard

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform;

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that "the ALJ erred by failing to consider [her] symptoms as required by the two-step process enumerated in Social Security Ruling 16-3p, and by failing to build a logical bridge between the evidence and his conclusions." Doc. 9 at PageID 43-16.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court

finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five, that Plaintiff can perform a significant number of jobs in the national economy.

As Plaintiff's correctly notes, SSR 96-7p, 1996 WL 374186 (July 2, 1996) was superseded by SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), which eliminated the use of the term "credibility" in order to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029 at *1. The new Ruling directs the ALJ to consider whether the claimant's statements -- about the intensity, persistence, and limiting effects of his or her symptoms -- are consistent with the medical evidence of record. *Id.* at *7. Pursuant to that Ruling, a two-step process is used for evaluating an individual's symptoms. At step one, the ALJ determines whether the individual has a medically determinable impairment that can reasonably be expected to produce the alleged symptoms. *Id.* At step two, the ALJ evaluates the intensity and persistence of the individual's symptoms to determine the extent to which they limit the individual's ability to perform work-related activities. *Id.*

The objective medical evidence is one of several factors the ALJ must consider in evaluating the intensity, persistence, and limited effects of a plaintiff's symptoms. Other factors include statements from the individual, medical sources, and any other sources that might have information about the individual's symptoms, including agency personnel, as well as additional factors set forth in the regulations. *See* SSR 16-3p.

Although a discussion of all the factors is not required in the ALJ's decision, SSR 16-3p tasks the ALJ with explaining the credibility determination with sufficient specificity "to make

5

clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Brothers v. Berryhill*, Case No. 5:16-cv-01942, 2017 WL 2912535, at *11 (N.D. Ohio June 22, 2017) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007)). Ultimately, the ALJ's determination must be "based on a consideration of the entire record," *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 863 (6th Cir. 2011), and supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Here, the ALJ stated explicitly that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not fully consistent" with the record and listed his reasons for so finding: (1) Plaintiff's description of her symptoms were inconsistent with medical signs and laboratory findings; (2) the level of treatment and care was inconsistent with the severity of Plaintiff's allegations; and (3) Plaintiff's daily activities were inconsistent with the intensity and limiting effects of the alleged symptoms. Tr. 39-41.

The ALJ's opinion, taken as a whole, sets forth the various factors he reasonably considered in his credibility assessment -- including specific citations to medical records, objective clinical findings, Plaintiff's treatment regimen, and her daily activities -- and properly relied upon. Tr. 38-41. "[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to ALJ's decision if it is supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted). "The substantial-evidence standard … presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Id.* (citation omitted). Finding substantial evidence in the record supporting the ALJ's determination concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms, Plaintiff's argument in this regard should be overruled.

## IV.

For the foregoing reasons, the Court finds Plaintiff's sole assignment of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date: June 27, 2018                         s/ Michael J. Newman
                                                                                          Michael J. Newman
                                                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).