UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASMAINE N. HAGOOD.,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY

    Defendant.

Case No. 3:17-cv-273

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DOC. 23) BE DENIED; AND (2) THIS CASE REMAIN TERMINATED ON THE DOCKET**
_____

This Social Security appeal is before the Court on *pro se* Plaintiff's motion to reopen the case and for relief from judgment. Doc. 23. Previously -- on June 27, 2018 -- the undersigned issued a Report and Recommendation that the ALJ's non-disability finding be affirmed. Doc. 16. Over Plaintiff's objections, the Report and Recommendation was adopted in full on September 24, 2018. Doc. 21. Plaintiff now seeks relief from this judgment under Rule 60(b). Doc. 23. The Commissioner filed a memorandum in opposition to the motion. Doc 24. Plaintiff has not filed a reply, and the time for doing so has expired. The Court has carefully considered the foregoing, and Plaintiff's motion is ripe for review.

"Relief from a final judgment under Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'" *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citation omitted). A motion for such relief from judgment may only be granted for one of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). If a party moves for relief under 60(b)(1), (2), or (3), the motion must be made no more than one year after the entry of the judgment, but all motions made under 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff filed her motion on September 24, 2019 -- exactly one year to the date of the entry of final judgment and the outer limit of the time frame for granting relief under 60(b)(1), (2), or (3). *Bank of California, N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174 (7th Cir. 1983) (finding the one-year period under Rule 60(b) is the outer limit; shorter period may be unreasonable under the circumstances). Even if Plaintiff's motion is timely, none of the six grounds for relief under 60(b) apply to Plaintiff's case. Plaintiff's motion re-argues that the ALJ erred in finding her disabled; however, such an argument on the merits of her claim is properly brought on appeal, not in a Rule 60(b) motion. *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal," and "[f]or this reason, arguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b)(6) motion"); *Cain Partnership, Ltd. v. Pioneer Inv. Servs. Co. (In re Pioneer Inv. Servs. Co.),* No. 92-6090, 1994 U.S. App. LEXIS 8125, at *5-6 ("Rule 60(b) is not, as we have already indicated, a substitute for such appeal, and judicial error is not the kind of mistake which Rule 60(b) encompasses"). Thus, Plaintiff's motion should thus be denied.

Accordingly, it is **RECOMMENDED THAT:** (1) Plaintiff's motion for relief from judgment (doc. 23) be **DENIED**; and (2) This case remain **TERMINATED** on the docket.

Date:   October 29, 2019                         s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).